UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
ANGEL ARGUETA-ANARIBA,                          :
                                                :
                         Plaintiff,             :    11 Civ. 2110 (TPG)
                                                :
            – against –                         :
                                                :    **OPINION**
F. LARA, Acting Warden,                         :
                                                :
                         Defendant.             :
                                                :
------------------------------------------------x

     Petitioner Angel Argueta-Anariba, a prisoner at FCI Otisville, is currently serving a 96-month sentence for aggravated assault.  Petitioner was sanctioned by a prison Disciplinary Hearing Officer ("DHO") for allegedly hiding a weapon in his cell.  He files the current pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his prison disciplinary proceedings violated his due process rights, and seeking to have his prison disciplinary record expunged.

     The petition is denied.

Facts

     The following facts are taken from the parties' submissions on the current petition.

     On March 17, 2010, a staff member at FCI Otisville, Duane Sandvik Jr. ("Officer Sandvik"), conducted a search of petitioner's cell and allegedly discovered a weapon hidden in the cell's ventilation system.  Later that day,

Officer Sandvik prepared a written report (the "Incident Report"), stating, among other things, that at

> 0905 hrs. on 03/17/2010 I was helping conduct a mass shakedown of unit EA.  While searching cell 508 I found weapon hanging in the vent on the left side of the cell over the lockers.  The weapon was made out of what appeared to be a plexiglass rod sharpened at one end to a point with cord rapped around the other end as a handle with a loop.  The weapon and sheath were hanging in the vent by twine.

The Incident Report, which was given to petitioner, concluded that petitioner had violated 28 C.F.R. § 541.13, Code 104, "Possession, Manufacture of a Weapon."

In the evening of the same day, prison officials conducted an investigation of the charge against petitioner.  Both petitioner and his cellmate, Rafael Jimenez-Martinez, were interviewed.  Petitioner and his cellmate each stated that the weapon was not his.  The investigation concluded that, although "inmate Argueta-Anariba . . . denies ownership of the weapon, based upon the reporting staff's accounts of the incident, supporting documentation and the incident report as written, this report is considered accurate and the charge valid."  The Incident Report and the results of the investigation were referred to a Unit Discipline Committee ("UDC") hearing for further disposition.

On March 18, 2010, a UDC hearing was held, and petitioner was given an opportunity to respond to the charge being asserted against him.  At the hearing, petitioner again denied ownership of the weapon.  The UDC decided to refer the matter to a DHO for further hearing.  On March 18, 2010, petitioner was given a written notice that the UDC had referred the matter to a DHO.

Petitioner was also provided a document entitled "Inmate Rights at Discipline Hearing," which informed him, among other things, of his right to be present at the DHO hearing, his right to call witnesses and present other evidence, his right to have a staff member represent him, and his right to receive a written report memorializing the DHO's findings and ruling.

On April 19, 2010, the DHO held a hearing on petitioner's disciplinary charge. At the hearing, petitioner declined to be represented by a staff member, and he did not call any witnesses. Petitioner states that he "had no witnesses to call or any staff member that could vouch for" him. At the hearing, petitioner denied the charge again, and stated, "I'm not part of a gang. My points are low and I have no reason to have a weapon." Relying on the Incident Report, on documentation that included a photograph of the weapon, and on petitioner's statement, the DHO found that petitioner had been in possession of a weapon and had therefore violated Code 104. The DHO decided to give "greater weight to the written report" than to petitioner's statement because the weapon had been found in petitioner's cell, in an area that was easily accessible to him. The DHO observed that, even though both petitioner and his cellmate denied ownership of the weapon, "inmates are responsible for any and all contraband found in their living area." The DHO sanctioned petitioner with housing in disciplinary segregation for thirty days, and with the loss of six months of commissary privileges, three months of visitation rights, and forty days of good conduct time. A written copy of the DHO decision was given to petitioner on May 4, 2010.

On May 14, 2010, petitioner appealed the DHO decision to the Federal Bureau of Prisons' ("BOP") Regional Director. The Regional Director denied petitioner's appeal on June 16, 2010.

On July 6, 2010, petitioner filed an appeal with the BOP's General Counsel's office. That appeal was denied on February 2, 2011.

On March 22, 2011, petitioner filed the instant petition, claiming that the hearing before the DHO was procedurally deficient, and that the DHO's finding that he was in possession of the weapon was not supported by the evidence. In addition to denying that he committed the alleged offense, petitioner notes that the alleged incident was his first offense and argues that the sanctions imposed were excessive in light of his institutional conduct record.

## Discussion

A petition filed pro se should be liberally construed and "must be held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted).

"Prison inmates charged with disciplinary violations do not have 'the full panoply of rights' afforded to a defendant in a criminal prosecution." Galan v. Laird, 2010 WL 3780175, at *1 (E.D.N.Y. Sept. 21, 2010) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). Nevertheless, where

> a prison disciplinary hearing may result in the loss of good time credits . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67).

In this case, the record indicates that petitioner received the process to which he was entitled. He was advised of his rights prior to the DHO hearing. He received a copy of the Incident Report as well as a written notice that the matter had been referred to a DHO. He had the right to present evidence and to be represented by a staff member. A copy of the DHO decision, which explained the evidence on which the DHO relied and the reasons for the imposition of sanctions, was supplied to petitioner.

In addition to the procedural safeguards discussed above, a decision to revoke good time credits must be supported by "some evidence." Hill, 472 U.S. at 455. "This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Id. (internal quotations omitted). The "standard is extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (internal quotations omitted) (emphasis in original).

The DHO decision in this case was supported by evidence. Officer Sandvik's Incident Report indicated that a weapon had been found in an area that was easily accessible to petitioner. The DHO also reviewed a photograph of the weapon. Finally, the DHO found that the weapon was in an area of the cell that was easily accessible to petitioner. Petitioner argues that the DHO did not sufficiently consider his prior good conduct as demonstrated by his

institutional conduct record.  However, a court's role is not to weigh the possible evidence in order to come to an independent determination.  See Hill, 472 U.S. at 445 ("Ascertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.").  The evidence described above, which was reviewed by the DHO and cited in its written opinion, is sufficient to uphold the DHO's decision.

Finally, petitioner argues that he was not "in possession" of the weapon as that term is legally defined because he was not holding the weapon at the time of Officer Sandvik's inspection.  However, 28 C.F.R. § 541.13, Code 104 does not require that an inmate be holding or a using a weapon in order to be in possession of a weapon.  An inmate is "in possession" of a weapon if the weapon is readily accessible to him.  See Ortiz v. Craig, 2008 WL 2323384, at *4 (N.D.N.Y. May 30, 2008) ("Ortiz's ready access to the weapon in his cell sufficed to demonstrate possession . . . .").  Here, the DHO found that the weapon was easily accessible to petitioner, which is sufficient for a finding of possession under the relevant section.

For the foregoing reasons, the petition for habeas corpus is denied.

## Conclusion

The petition is denied.

Petitioner has not made a substantial showing of the denial of a

constitutional right. Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253.

With respect to the in forma pauperis statute, the court certifies that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: New York, New York
August 30, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/12